**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

MARTHA GARCIA ASEBEDO,
Plaintiff,

v. No. 2:25-cv-1267 DLM

FRANK BISIGNANO,
Commissioner of Social Security,
Defendant.

**MEMORANDUM OPINION AND ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR ATTORNEY'S FEES**

**THIS MATTER** is before the Court on Plaintiff's Application for Attorney's Fees Under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d). (Doc. 21.) The Court previously remanded this case for further administrative proceedings under 42 U.S.C. § 405(g). (Doc. 19.) Having reviewed the motion and the relevant law, the Court finds the motion should be **GRANTED in part**.

The party requesting EAJA fees has the burden to establish the reasonableness of both the hourly rate and the number of hours worked. *See Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983). "Ultimately, the amount of the attorney's fees to be awarded is a decision that lies within the Court's discretion." *Roxanne C. v. Colvin*, No. 2:23-cv-0233 GBW, 2025 WL 89295, at *2 (D.N.M. Jan. 14, 2025) (citing *Pierce v. Underwood*, 487 U.S. 552, 571 (1988)). Even when the Commissioner does not raise specific objections to the fee calculations or total fee request, the Court must still review the request for reasonableness. *See Conway Gomez v. Bisignano*, No. 1:24-cv-0926 DLM, 2026 WL 575771, at *4 (D.N.M. Mar. 2, 2026) (citing *D.M.C. v. Kijakazi*, No. 21-1276 DDC, 2022 WL 2663991, at *2 (D. Kan. July 11, 2022)).

Asebedo's attorney, Kelsey Young of the Parmele Law Firm, seeks $4,957.40 in fees for 18.7 hours of work performed by her attorneys, which reflects an hourly rate of $258.00 for work

performed in 2025 and $266.00 for work performed in 2026. (*See* Doc. 21 at 5.) The Court will grant the request in part.

The timesheet submitted reflects that the hours claimed include time spent completing the civil cover sheet, complaint, and motion for leave to proceed in forma pauperis (.90 hours), preparing client letters (.50 hours), and preparing the EAJA application, affidavit, invoice, and certificate of service (1.0 hour). (*See* Doc. 21-1 at 1.) A portion of this work is clerical in nature, and "clerical work and overhead expenses are not compensable" under the EAJA. *See Villalobos v. Colvin*, No. 1:15-cv-0463 CG, 2016 WL 10179289, at *2 (D.N.M. July 12, 2016) (citing 28 U.S.C. § 2412(d)(1)(A)) (collecting cases); *see also Montoya v. Colvin*, No. 1:14-cv-0836 LH/SMV, 2015 WL 13651170, at *2 (D.N.M. Dec. 16, 2015), *R&R adopted*, 2016 WL 10592306 (D.N.M. Jan. 11, 2016) (collecting cases). The Court will exercise its discretion to reduce the claimed time by 2.0 hours, as Asebedo's attorneys cannot be compensated for preparing form documents or client letters. *See Villalobos*, 2016 WL 10179289, at *2; *Montoya*, 2015 WL 13651170, at *2.

Consequently, the total attorney fee award is $4,434.20.[1]

**IT IS THEREFORE ORDERED** that Plaintiff's Application for Attorney's Fees Under the EAJA (Doc. 21) is **GRANTED IN PART**.

**IT IS FURTHER ORDERED** that attorney fees are awarded under the EAJA, payable to Plaintiff but mailed to Plaintiff's attorney, in the amount of $4,434.20. *See Astrue v. Ratliff*, 560 U.S. 586 (2010) (EAJA fees are paid to the prevailing party, not the attorney).

[1] 2025 Work: $258.00/hour x 1.0 hours = $258.00
2026 Work: $266.00/hour x 15.7 hours = $4,176.20

**IT IS FURTHER ORDERED**, that if Plaintiff's counsel receives attorney fees under both the EAJA and 42 U.S.C. § 406(b) of the Social Security Act, Plaintiff's counsel shall refund the smaller award to Plaintiff pursuant to *Weakley v. Bowen*, 803 F.2d 575, 580 (10th Cir. 1986).

DAMIAN L. MARTINEZ
UNITED STATES MAGISTRATE JUDGE